# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Bryan Dryden, | Case No. 2:17-cv-00704-JAD-NJK |
| Petitioner | **Order Denying as Moot Motion for Clarification and Further Direction Regarding Court Order, Granting Motion for Leave to File Exhibits Under Seal, and Granting Motion for Enlargement of Time *Nunc Pro Tunc*** |
| v. | |
| Brian E. Williams, et al., | |
| Defendants | [ECF Nos. 38, 42, 45] |

Petitioner Bryan Dryden brings this first amended petition for federal habeas corpus relief under 28 U.S.C. § 2254 to challenge his state-court conviction for second-degree murder.[1] Since the court granted in part respondents' motion to dismiss,[2] the parties have filed three motions: (1) respondents' motion for clarification and further direction regarding court order,[3] which petitioner's response has mooted; (2) petitioner's motion for leave to file exhibits under seal,[4] which I grant because compelling reasons exist to keep petitioner's confidential jail medical records and incident reports from public view; and (3) respondents' motion for enlargement of time *nunc pro tunc*,[5] which I grant due to the disruption caused by the COVID-19 pandemic.

---

[1] ECF No. 15.
[2] ECF No. 36.
[3] ECF No. 38.
[4] ECF No. 42.
[5] ECF No. 45.

**I. Respondents' motion for clarification and further direction regarding court order is moot.**

In my order granting in part respondents' motion to dismiss, I directed respondents to file the certified copies of incident notes and the Clark County Detention Center certified medical records, identified respectively as Exhibits A and B of the state-court evidentiary hearing.[6] Respondents state that they cannot find those documents.[7] Dryden responds that he has the documents,[8] and he has filed them.[9] Dryden's response has mooted respondents' motion, so I deny it as moot.

**II. Compelling reasons exist to seal the incident notes and medical records.**

The incident notes and Dryden's medical records contain confidential, sensitive, and private information.[10] Compelling reasons thus exist to file these documents under seal.[11] So I grant petitioner's motion for leave to file exhibits under seal.[12]

**III. Respondents will receive extra time to file their answer.**

In their motion for enlargement of time *nunc pro tunc*,[13] respondents cite both an error in their calendar and the disruption caused by the COVID-19 pandemic as the reasons they need more time. I find that they have demonstrated good cause for an extension of time and grant their request.

---

[6] ECF No. 36 at 11.
[7] ECF No. 38 at 3.
[8] ECF No. 41.
[9] ECF No. 43.
[10] ECF No. 43 through 43-9.
[11] *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).
[12] ECF No. 42.
[13] ECF No. 45.

## IV. Conclusion

IT THEREFORE IS ORDERED that respondents' motion for clarification and further direction regarding court order **[ECF No. 38] is DENIED as moot.**

IT FURTHER IS ORDERED that petitioner's motion for leave to file exhibits under seal **[ECF No. 42] is GRANTED. The Clerk of Court is directed to MAINTAIN ECF No. 43 under seal.**

IT FURTHER IS ORDERED that respondents' motion for enlargement of time *nunc pro tunc* **[ECF No. 45] is GRANTED.** Respondents' deadline to file an answer is extended to May 18, 2020.

Dated: April 6, 2020

_____
U.S. District Judge Jennifer A. Dorsey