UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Bryan Dryden, | Case No. 2:17-cv-00704-JAD-NJK |
| Petitioner | |
| v. | **Order Denying Motion for Order Directing the Lower Courts to Enter DNA into CODIS** |
| Calvin Johnson, et al., | [ECF Nos. 75] |
| Respondents | |

On March 23, 2022, I denied Petitioner Bryan Dryden's petition for writ of habeas corpus under 28 U.S.C. § 2254.[1] Dryden appealed, and the Ninth Circuit Court of Appeals denied Dryden a certificate of appealability on October 27, 2022.[2] The Ninth Circuit Court of Appeals then granted Dryden's counsel's motion to withdraw.[3]

Dryden has since filed a motion requesting an order directing the state courts to enter unidentified DNA into CODIS for identification purposes.[4] But a federal district court does not have appellate jurisdiction over a state court or state supreme court, whether by direct appeal, writ of mandamus, writ of prohibition, an exercise of supervisory jurisdiction, or otherwise.[5] Generally, the *Rooker-Feldman* doctrine prevents "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court."[6] Plus, Dryden has already received federal habeas review of his

---

[1] ECF No. 63.

[2] ECF No. 68.

[3] ECF No. 69.

[4] ECF No. 75.

[5] *See, e.g., Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).

[6] *Henrichs v. Valley View Dev.*, 474 F.3d 609, 611 (9th Cir. 2009) (citation omitted).

conviction. To receive further collateral review, he must secure permission from the Ninth Circuit to file a second or successive § 2254 habeas petition.[7]

IT IS THEREFORE ORDERED that the motion to appeal **[ECF No. 75] IS DENIED**.

IT IS FURTHER ORDERED that, to the extent required, a certificate of appealability is denied.

Dated: May 25, 2023

_____
U.S. District Judge Jennifer A. Dorsey

---

[7] *See Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) (under § 2244(b)(3), federal district courts lack jurisdiction to entertain a petitioner's successive habeas petition absent permission from the court of appeals to do so).